FILED

MAY 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


GENERAL DENTISTRY FOR KIDS, LLC, an Arizona limited liability company,

        Plaintiff - Appellant,

  v.

KOOL SMILES, P.C.,

        Defendant - Appellee.

No. 09-16017

D.C. No. 2:07-cv-01727-MHM

MEMORANDUM[*]


Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted May 14, 2010[**]
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

General Dentistry for Kids, LLC ("General Dentistry") sued Kool Smiles, P.C. ("Kool Smiles") for state law trademark infringement and unfair competition in Arizona superior court. Kool Smiles removed to federal court based on diversity of citizenship. The district court denied General Dentistry's motion to remand, and eventually granted Kool Smiles' motion for summary judgment.

General Dentistry appeals the denial of the motion to remand, claiming the district court lacked jurisdiction because the notice of removal failed to establish the jurisdictional amount requirement. The notice of removal summarily stated without support that the amount in controversy exceeded $75,000 at trial. In opposition to General Dentistry's motion for remand, Kool Smiles later provided a third-party affidavit stating that the cost of complying with General Dentistry's requested injunctive relief would exceed $135,000. The district court denied the motion to remand, holding that the affidavit amended the notice of removal and was sufficient to set forth the amount in controversy in excess of the $75,000 statutory limit.

General Dentistry contends the district court erred in denying the motion to remand and relies on *Gaus v. Miles*, 980 F.2d 564 (9th Cir. 1992). In *Gaus*, the defendant provided no evidence that the amount in controversy exceeded the jurisdictional amount. *Id.* at 567. There, we stated that a defendant must set forth

2

"in the removal petition itself, underlying facts supporting its assertion that the amount in controversy exceeds" the jurisdictional amount. *Id.* at 566. *Gaus* has been distinguished by our subsequent precedent, which holds that a district court may consider later-provided evidence as amending a defendant's notice of removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.1 (9th Cir. 2002); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). The district court followed *Cohn* and *Singer*, which are consistent with the governing statute, 28 U.S.C. § 1653, and Supreme Court precedent. *Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969).

**AFFIRMED.**